UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case Number: 08-23179-CIV-MORENO

LAZARA ROMERO,

　　Plaintiff,

vs.

RANDLE EASTERN AMBULANCE SERVICE, INC., a Florida corporation, and JAMIE BURGMAN & GREGORY JONES,

　　Defendants.
_____/

## ORDER DENYING MOTION FOR REMAND

THIS CAUSE came before the Court upon Plaintiff's Motion for Remand **(D.E. No. 3)**, filed on **November 17, 2009**.

THE COURT has considered the motion and the pertinent portions of the record, and being otherwise fully advised in the premises, it is

**ADJUDGED** that the motion is DENIED for the reasons set forth in this order.

### I. Background

Plaintiff, Lazara Romero, is moving to remand this Family and Medical Leave Act case to state court arguing Defendants' removal was untimely. Plaintiff filed suit on September 29, 2008 in the Miami-Dade County Circuit Court. On September 30, 2008, Plaintiff's counsel, Matthew Sarelson spoke with Defendant Randle Eastern Ambulance Service Inc.'s general counsel Scott Rowekamp, Esq. The parties dispute whether in that conversation Rowekamp agreed to waive formal service of process and accept service by email.

On September 30, 2008, Mr. Sarelson emailed Mr. Rowekamp indicating the stamped complaint was attached. In fact, Mr. Sarelson attached a nonconformed copy of the complaint that contained neither a civil case number nor a court stamp. The email reads as follows:

> Scott,
> Thanks for speaking with me. The stamped complaint is attached. Frankly, I don't believe the $200,000 demand is all that unreasonable given the market conditions in Miami. Should you have any questions, please feel free to contact me. Meanwhile, I have told my process server to not serve the complaint yet. I'll give you an opportunity to resolve it without serving Burgman and Jones.
> Thanks, Matthew.

Mr. Sarelson emailed Mr. Rowekamp again on October 2, 2008 regarding the suit. He wrote:

> Scott,
> I wanted to follow up regarding the Romero lawsuit. I strongly suspect we can come to a reasonable resolution without having to serve the suit (your cost of defense is at least $100,000 considering you'll have an FMLA suit and then a distinct age discrimination suit). But if not please let me know, I am anxious to serve the suit.
> Thanks, Matthew

After a few weeks of settlement discussions, Mr. Rowekamp claims he agreed to accept service around October 23, 2008. On October 23, 2008, Mr. Sarelson wrote a letter to Mr. Rowekamp, which enclosed a second nonconformed unstamped copy of the complaint. It reads as follows:

> Dear Scott,
> Thank you for accepting service of process on behalf of the Defendants. According to my email the Complaint was mailed to you on September 30, 2008. Based on that service date, a responsive [pleading] would have been due on October 20, 2008 but per our agreement, a responsive pleading will be due on or before November

> 14, 2008. Let me know if you need more time. No motion is necessary; this agreement is sufficient.
>
> If this is incorrect or if you have any questions, please feel free to contact me.
>
> Very truly yours,
> Matthew Seth Sarelson, Esq.

Sometime after this letter, Mr. Rowekamp informed Mr. Sarelson that he had yet to receive a conformed copy of the complaint. In response, Mr. Sarelson sent the following letter on October 31, 2008, which attached a stamped copy of the complaint. The October 31, 2008 letter reads:

> Dear Scott,
> Attached is another copy of the complaint per your request. Thanks again for accepting service of process on behalf of the Defendants. According to my email, the Complaint was served on you by email on September 30, 2008. Based on that service date, a responsive [pleading] will be due on or before November 14, 2008. Let me know if you need more time. No motion is necessary; this agreement is sufficient.
>
> If this is incorrect or if you have any questions, please feel free to contact me.
> Very truly yours,
> Matthew Seth Sarelson, Esq.

Mr. Rowekamp did not dispute the contents of the letters in writing or otherwise. Instead, Defendants acted in accordance with the letters by filing the notice of removal on November 14, 2008.

## II. Legal Standard

"A necessary corollary to the concept that a federal court is powerless to act without jurisdiction is the equally unremarkable principle that a court should inquire into whether it has

-3-

subject matter jurisdiction at the earliest possible stage of the proceeding." *Univ. of So. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999). Courts are to construe the removal statutes narrowly resolving uncertainties in favor of remand. *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994). Stemming from federalism principles is the removing defendants' burden to plead the basis for federal jurisdiction. *Miedema v. Maytag Corp.*, 450 F.3d 1322, 1330 (11th Cir. 2006); *Klempner v. Northwestern Mutual Life Ins. Co.*, 196 F. Supp. 2d 1233, 1237 (S.D. Fla. 2001) ("A presumption in favor of remand is necessary because if a federal court reaches the merits of [a] pending motion in a removed case where subject matter jurisdiction may be lacking it deprives a state court of its right under the Constitution to resolve controversies in its own courts.").

### III. Legal Analysis

Removal of an action must be filed within thirty days. The statute reads:

> The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

28 U.S.C. § 1446(b).

The parties dispute whether Plaintiff's September 30, 2008 email attaching a nonconformed copy of the complaint triggered the thirty-day period under the statute. It does not. The Supreme Court held in *Murphy Brothers, Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999) that the time window in § 1446(b) "is triggered by simultaneous service of the summons and complaint,. . . but not by mere receipt of the complaint unattended by any formal service." *See also Sims v.*

*Aropi, Inc.*, 8 F. Supp. 2d 1367, 1369 (S.D. Fla. 1997) (holding defendant's receipt of nonconformed copy of complaint, which contained neither a court file stamp nor a civil action number, did not commence 30-day removal period). "[T]he Supreme Court has rejected using simple notice or constructive service to start the clock on [the] § 1446(b) time window." *Bailey v. Janssen Pharmaceutica, Inc.*, 536 F.3d 1202, 1207 n. 7 (11th Cir. 2008).

Plaintiff argues that irrespective of the fact that a nonconformed copy of the complaint was emailed, Defendants' counsel Mr. Rowekamp waived formal service of process and accepted service by email on September 30, 2008. To rule on this argument, the Court reviews Plaintiff's compliance with state law rules on service of process. *See Usatorres v. Marina Mercante Nicaraguenses, S.A.*, 768 F.2d 1285, 1286 n. 1 (11th Cir. 1985); *Rentz v. Swift Transp. Co.*, 185 F.R.D. 693, 696 (N.D. Ga. 1998). To effect a valid waiver of service of process under Florida Rule of Civil Procedure 1.070(i)(2), a plaintiff may notify any defendant of the commencement of the action and request that the defendant waive service of a summons. The notice and request shall:

> (A) be in writing and be addressed directly to the defendant, if an individual, or to an officer or managing or general agent of the defendant or other agent authorized by appointment of law to receive service of process;
> (B) be dispatched by certified mail, return receipt requested;
> (C) be accompanied by a copy of the complaint and shall identify the court in which it has been filed;
> (D) inform the defendant of the consequences of compliance and of failure to comply with the request;
> (E) state the date on which the request is sent;
> (F) allow the defendant 20 days from the date on which the request is received to return the waiver . . .
> (G) provide the defendant with an extra copy of the notice and request, including the waiver, as well as a prepaid means of compliance in writing. . .

Fla. R. Civ. P. 1.070(i)(2). The rule further provides that the action will only proceed in state court once the plaintiff "files a waiver of service" and no proof of service shall be required.

Plaintiff's correspondence failed to effect a valid waiver of service of process under Florida Rule of Civil Procedure 1.070. While the request was in writing, it was not sent certified mail return receipt requested. It also failed to provide Defendants with the written form to be signed as a waiver of process. Finally, Plaintiff did not file the waiver of service of process in the state court.

Even if the Court found there was a waiver of service of process, the correspondence does not validate Plaintiff's position. In his emails, Plaintiff's counsel indicates that he is "anxious to serve process." Had Mr. Rowekamp agreed to accept service verbally, there would be no reason to include this language in the email. At best, there was a verbal acceptance of service, which is insufficient under the Rules, sometime right before October 23, 2008. That being the case, the removal was well-within the thirty-day period. Accordingly, the Court finds the removal timely and denies the motion for remand.

DONE AND ORDERED in Chambers at Miami, Florida, this /0 day of February, 2009.

FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

Copies provided to:

Counsel of Record